2010 FEB 22  AM II: 35

_Cawy_

JESSIE JOENATHAN ROBERTS,           :
                                    :
           Plaintiff,               :
                                    :
      v.                            :           CIVIL ACTION NO.: CV510-010
                                    :
UNITED STATES FEDERAL COURTS;       :
UNITED STATES ATTORNEY; DEA         :
OFFICE; UNITED STATES PROBATION;    :
FEDERAL PROBATION OFFICERS;         :
UNITED STATES BOND DEPARTMENT;      :
and U.S. MARSHAL SERVICE,           :
                                    :
           Defendants.              :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Jessie Joenathan Roberts ("Roberts") was charged with: conspiracy to possess with intent to distribute, and to distribute, 50 grams or more of cocaine base (crack) and 5 kilograms or more of cocaine hydrochloride (powder), in violation of 21 U.S.C. § 846; and aiding and abetting, in violation of 18 U.S.C. § 2, by indictment on October 7, 2009. Roberts appeared before United States Magistrate Judge G.R. Smith on October 15, 2009, the Government moved for temporary detention of Roberts, and Roberts was temporarily detained by Order dated October 16, 2009. Roberts appeared before the undersigned on October 22, 2009, for arraignment. Bond was not considered at that time because of an outstanding state probation violation warrant.

Roberts filed this case on January 21, 2010, asserting that he was given a bond on October 14, 2009, and that he was supposed to be held for ten (10) days before being brought back before the Court. Roberts requests that a bond be set for him in

case number CR509-18.  The undersigned conducted a bond hearing for Roberts in that case on February 4, 2010, at which time Roberts' bond was set at $20,000 with a 10% solvent surety.  (CR509-18, Doc. No. 663).  The undersigned also entered an Order on that date setting the conditions of Roberts' release.  (CR509-18, Doc. No. 665).

Under Article III of the Constitution, federal courts may only hear "cases or controversies."  Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-60 (1992).  "A [claim] is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief."  See Ethredge v. Hail, 996 F.2d 1173, 1175 (11th Cir. 1993).  A claim can still be considered if a court lacks "assurance that there is no reasonable expectation that the alleged violation will recur," or, as it is commonly stated, the situation is "capable of repetition, yet evading review[.]"  DiMaio v. Democratic Nat'l Committee, 555 F.3d 1343, 1345 (11th Cir. 2009).

As the undersigned conducted a bond hearing on February 4, 2010, and having such a hearing was Plaintiff's only requested relief, Plaintiff's Complaint does not present a "live controversy", Ethredge, 996 F.2d at 1175, or a situation "capable of repetition."  DiMaio, 555 F.3d at 1345.  Accordingly, Plaintiff's Complaint should be **DISMISSED** as moot.

**SO REPORTED** and **RECOMMENDED**, this _22nd_ day of February, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)